UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MANUEL ALVAREZ, | No. CV 13-471-PLA |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION, | |
| Defendant. | |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on January 24, 2013, seeking review of the Commissioner's denial of his application for Supplemental Security Income benefits. The parties filed Consents to proceed before the undersigned Magistrate Judge on February 20, 2013, and February 25, 2013. Pursuant to the Court's Order, the parties filed a Joint Stipulation on February 20, 2014, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## **BACKGROUND**

Plaintiff was born on November 20, 1962. [Administrative Record ("AR") at 35, 65.] He has an eighth grade education, a limited ability to speak English, and past relevant work experience as a mixing machine tender, merchandise deliverer, and painter. [AR at 35, 43-46.]

On February 27, 2009, plaintiff filed an application for Supplemental Security Income benefits, alleging that he has been unable to work since June 15, 2005.[1] [AR at 65, 141-48.] After his application was denied initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 65-66, 71-75, 77-81, 86.] A hearing was held on October 19, 2010, at which time plaintiff appeared with counsel and testified on his own behalf. [AR at 43-46, 50-52.] A vocational expert ("VE") also testified. [AR at 43, 47-50.] On October 28, 2010, the ALJ issued a decision concluding that plaintiff was not under a disability from February 27, 2009, through the date of the decision. [AR at 25, 36.] Plaintiff requested review of the ALJ's decision by the Appeals Council. [AR at 15.] When the Appeals Council denied plaintiff's request for review on May 30, 2012, the ALJ's decision became the final decision of the Commissioner. [AR at 4-6]; see Sam v. Astrue, 550 F.3d 808, 810 (9th Cir. 2008) (per curiam). This action followed.

## III.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir. 2010).

---

[1] Plaintiff filed a prior application for Disability Insurance Benefits that was denied initially, on reconsideration, and by an ALJ in a written decision on July 12, 2004. [See AR at 57-62.] Plaintiff did not appeal the ALJ's July 12, 2004, decision.

"Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1159 (9th Cir. 2008) (internal quotation marks and citation omitted); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (same). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001); see Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence.") (internal quotation marks and citation omitted). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." Ryan, 528 F.3d at 1198 (internal quotation marks and citation omitted); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, [the reviewing court] may not substitute [its] judgment for that of the ALJ.'").

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

### A.    THE FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the

Case 2:13-cv-00471-PLA   Document 23   Filed 04/21/14   Page 4 of 14   Page ID #:464

claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from his application date, February 27, 2009, through the date of the decision. [AR at 27.] At step two, the ALJ concluded that plaintiff has the severe impairment of degenerative disc disease in the lumbar, thoracic and cervical spine. [Id.] At step three, the ALJ determined that plaintiff does not have an impairment or a combination of impairments that meets or medically

equals any of the impairments in the Listings.[2] [AR at 30.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[3] to perform light work as defined in 20 C.F.R. § 416.967(b),[4] "except he can lift 10 lbs frequently; he can lift 20 lbs occasionally; he can stand 2 hours in an 8 hour day; he can sit 6 hours in an 8 hour day; he can tolerate only occasional postural changes; and he must avoid concentrated exposure to extreme cold." [AR at 30.] At step four, based on plaintiff's RFC and the VE's testimony, the ALJ concluded that plaintiff is unable to perform any past relevant work. [AR at 34-35.] At step five, based on plaintiff's RFC, vocational factors and the VE's testimony, the ALJ found that there are jobs existing in significant numbers in the national economy that plaintiff could perform, including work as an electronics worker and a cashier II. [AR at 35-36.] Accordingly, the ALJ determined that plaintiff was not disabled at any time from February 27, 2009, through the date of the decision. [AR at 25, 36.]

## V.

## **THE ALJ'S DECISION**

Plaintiff contends that the ALJ: (1) erred in rejecting plaintiff's subjective allegations; (2) failed to properly consider the combined effects of plaintiff's impairments in assessing plaintiff's RFC; and (3) erred in relying on the VE's testimony to support his step five determination because the hypothetical posed to the VE did not contain all of plaintiff's limitations. [Joint Stipulation ("JS")

---

[2] See 20 C.F.R. pt. 404, subpt. P, app. 1.

[3] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." Massachi v. Astrue, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b) & 416.967(b).

at 4-13, 16-31.] As explained below, the Court agrees with plaintiff and remands for further proceedings.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if the claimant meets the first test, the ALJ may reject the claimant's testimony about the severity of his symptoms "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). Factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also 20 C.F.R. §§ 404.1529(c), 416.929(c).

Where, as here, the ALJ did not find "affirmative evidence" of malingering [see, generally, AR at 25-36], the ALJ's reasons for rejecting a claimant's credibility must be clear and convincing. See Benton, 331 F.3d at 1040 (Where there is no evidence of malingering, the ALJ can reject claimant's testimony only by "expressing clear and convincing reasons for doing so."). "General findings [regarding a claimant's credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (internal quotation marks and citation omitted); Berry, 622 F.3d at 1234 (same). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." Bunnell, 947 F.2d at 345-46 (internal quotation marks and citation omitted). A "reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain." Bunnell, 947 F.2d at 346. As

such, an "implicit" finding that a plaintiff's testimony is not credible is insufficient. Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (per curiam).

In an Adult Function Report dated February 21, 2009,[5] plaintiff stated that he lives with his wife and children and needs assistance from his son to wake up in the morning and get dressed. [AR at 188, 195.] Plaintiff's day consists of taking his youngest son to school, returning home to lie down, eating breakfast, lying down again, picking up his son from school, lying down again, eating dinner, and then going to bed. [AR at 188.] His wife does most of the work caring for the children and cooks all the meals. [AR at 189-90.] Plaintiff further provided that he does not sleep well and often tosses and turns all night due to back pain. [AR at 189.] With respect to his personal care, plaintiff indicated that he is unable to bend over and tie his shoes or put his pants on, and needs assistance bathing, combing his hair and shaving. [Id.] Plaintiff also reported that he is unable to do any household chores including cooking, shopping or cleaning due to back pain, and although he is able to drive he only does so to transport his children to and from school. [AR at 190-92.] He also no longer attends church or plays sports because he cannot run, sit or stand for any prolonged period of time. [AR at 193.] According to plaintiff, his chronic pain causes difficultly lifting, walking, standing, bending, reaching, climbing stairs, kneeling, squatting, concentrating, completing tasks, following directions, and tolerating stress or changes in his routine. [AR at 193-94.] He is also unable to lift over 10 pounds, cannot stand for more than 10 to 15 minutes at one time, and was prescribed a back brace and cane in 2005 that he still uses to ambulate. [Id.]

In a Disability Report completed in March 2009, plaintiff indicated that he stopped working due to pain resulting from arthritis in his back, shoulders and left leg. [AR at 205-06, 216.] He also reported that he is unable to stand or sit for very long at one time and falls easily due to a loss of balance. [AR at 206.]

---

[5] In his decision, the ALJ incorrectly indicates that this report was dated March 17, 2009. [See AR at 31, 188-95.]

In an Exertion Questionnaire dated March 30, 2009, plaintiff essentially repeated the information and allegations contained in the February 21, 2009, Adult Function Report. [Compare AR at 188-95 with AR at 202-04.]

In a Disability Report completed in June 2009, plaintiff indicated that his arthritis was worsening and that he still has constant pain in his back and shoulders. [AR at 216-17, 230.] He also reported that his left leg "gives out" and, as a result, he lost balance and fell three times in the previous 30 days. [AR at 217.] Plaintiff stated that he continues to rely on his wife for help with caring for his personal needs, and that his daily activities were decreasing due to his pain. [AR at 220.]

In a Disability Report completed in November 2009, plaintiff represented that he had increased pain that now covered the whole right side of his body and that he was unable to walk without a shoe on his left foot due to pain. [AR at 230-32.] Plaintiff also indicated that he needs assistance with his personal care and now requires someone to drive him places. [AR at 234.]

At the hearing on October 19, 2010, plaintiff testified that his doctor told him he had Multiple Sclerosis and administered three epidural blocks for treatment. [AR at 43, 50-52.] Plaintiff also explained that he is unable to work due to severe pain in his back, although he would like to work if he were physically able. [AR at 52.]

In his decision, the ALJ found plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" [AR at 32], which "satisfie[s] the first prong of the ALJ's inquiry regarding the credibility of [plaintiff]'s complaints." Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); see also id. ("After finding that Vasquez has a back disorder which is a severe impairment, the ALJ acknowledged that Vasquez's injuries could reasonably be expected to produce *some* of the pain and other symptoms alleged.") (internal quotation marks omitted, italics in original).

The ALJ went on to find, however, that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the" assessed RFC. [AR at 32.] Specifically, the ALJ acknowledged that plaintiff's back pain was supported by "objective imaging confirm[ing] degenerative changes in the

lumbar spine[,]" but found that "[t]here has been an insufficient offer of proof however of herniation, nerve root effacement, or marked stenosis -- any of which reasonably would support [plaintiff]'s allegations of such extreme and debilitating daily pain." [Id.] As a result, the ALJ found that plaintiff's allegations of extreme pain and that he is "essentially . . . bedridden for most of his day . . . are unsupported by objective or other credible evidence." [AR at 32-33.] Additionally, the ALJ stated that while plaintiff alleged an inability to concentrate due to pain:

> he admitted [in a March 2009 Disability Report that] he did not need reminders to take medicine, and he still could drive by himself. Only later [in a November 2009 Disability Report] did [plaintiff] report that he needed someone to drive him around; and by his own report, this was due to pain, rather than a deterioration in his ability to concentrate while driving. There has been no offer of proof to explain this inconsistency, and his credibility therefore is affected adversely.

[AR at 33.] The ALJ also indicated that plaintiff's allegation that he was treated for Multiple Sclerosis negatively affected his credibility because he failed to provide any medical records showing he was diagnosed with Multiple Sclerosis by an acceptable medical source. [Id.] Similarly, the ALJ found plaintiff's statement that he was prescribed a back brace and cane in 2005 less than credible because that pre-dates the current application date and "[n]one of the 2009-2010 medical records which have been offered into evidence document any assistive device as medically necessary -- to date." [Id.] Finally, the ALJ determined that because the medical record only contained one reference to plaintiff being prescribed medication to treat his depression, his "allegations of disability due to depression or any other mental health impairment" are less than entirely credible. [Id.]

Having carefully reviewed the record, the Court concludes that the ALJ's reasons for rejecting plaintiff's credibility are insufficient to constitute clear and convincing reasons and/or are not supported by substantial evidence. First, the ALJ's determination that plaintiff was less credible because he made inconsistent statements regarding his ability to concentrate [see AR at 33], is not clear and convincing. In fact, plaintiff consistently stated that his ability to concentrate was affected by his chronic pain [see, e.g., AR at 193], and it is reasonable to assume that as his pain increased his ability to concentrate decreased, such that he was eventually unable to drive. Moreover, pain and concentration are interrelated so the fact that plaintiff attributed his inability

9

to drive to an increase in pain, "rather than a deterioration in his ability to concentrate" [see AR at 33], is not inconsistent. It is entirely reasonable that plaintiff's inability to drive was caused by increased pain and, at the same time, the increased pain also impacted his ability to concentrate.

Second, the ALJ's finding that plaintiff's allegations were less credible because he testified that he had been told by his treating physician that he had Multiple Sclerosis, but there was not a diagnosis of Multiple Sclerosis in the medical record [see AR at 33], is not clear and convincing. Plaintiff's physician may have suspected Multiple Sclerosis and mentioned it to plaintiff, or because of plaintiff's limited English plaintiff may have misunderstood his physician's explanation. Under the circumstances, because the record was unclear, rather than assume plaintiff was not being truthful, the ALJ should have developed the record by contacting plaintiff's treating physician to clarify whether plaintiff had been diagnosed with and/or treated for symptoms related to Multiple Sclerosis. See Sims v. Apfel, 530 U.S. 103, 110-11, 120 S.Ct. 2080, 2085, 147 L.Ed.2d 80 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits[.]"); Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.") (internal quotation marks and citation omitted).

Third, the ALJ's rejection of plaintiff's credibility because he stated that he was prescribed a back brace and cane in 2005, which predates the current application date and the prescription is not confirmed in any of the 2009-10 medical records plaintiff submitted with his current application [see AR at 33], is not clear and convincing. The fact that plaintiff stated he was prescribed a back brace and cane prior to the current application date certainly does not detract from his credibility. Moreover, if the record was unclear regarding whether plaintiff was in fact prescribed these devices in 2005, the ALJ should have developed the record to resolve the ambiguity. See Sims, 530 U.S. at 110-11; Webb, 433 F.3d at 687.

Fourth, the ALJ's finding that plaintiff's "allegations of disability due to depression or any other mental health impairment . . . are also less than entirely credible" [AR at 33], misstates the record and is not supported by substantial evidence. See Reddick, 157 F.3d at 722-23 ("[ALJ]

findings unsupported by substantial evidence based on record as a whole" when "[i]n essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports [and h]is paraphrasing of record material is not entirely accurate regarding the content or tone of the record."); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) ("Although it is within the power of the [Commissioner] to make findings . . . and to weigh conflicting evidence, he cannot reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result.") (internal citation omitted). Plaintiff never alleged that his inability to work stemmed from depression or any other mental health impairment. Rather, plaintiff has consistently maintained that he is unable to work due to pain, mainly in his back. [See, e.g., AR at 188-95, 202, 206.]

Finally, the ALJ erred to the extent he rejected plaintiff's testimony based on a lack of objective medical evidence. [See AR at 32.] The ALJ concluded that plaintiff presented sufficient medical evidence of an underlying impairment that "could reasonably be expected to cause the alleged symptoms[.]" [Id.] Once plaintiff produced objective medical evidence of an underlying impairment that is reasonably likely to cause the alleged symptoms, medical findings are not required to support the severity of pain or symptoms alleged. See Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996) (explaining that once a plaintiff produces medical evidence of an underlying impairment that is reasonably likely to cause the alleged symptoms, medical findings are not required to support the severity of pain or symptoms alleged.); see also Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("[B]ecause a claimant need not present clinical or diagnostic evidence to support the severity of his pain, a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain.") (citation omitted); Social Security Ruling ("SSR") 96-7p,[6] 1996 WL 374186, at *1 ("An individual's

---

[6] "The Commissioner issues Social Security Rulings [("SSRs")] to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." Holohan v. Massanari, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001) (citations omitted).

1 statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.").

## VI.
## **REMAND FOR FURTHER PROCEEDINGS**

The Court has discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Lingenfelter, 504 F.3d at 1041; Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. See Benecke, 379 F.3d at 593-96.

Here, there are outstanding issues that must be resolved before a final determination can be made. However, in an effort to terminate these proceedings and to avoid any confusion or misunderstanding as to what the Court intends, the Court will set forth the scope of the remand proceedings. First, because there are outstanding issues to be resolved, the Court has some flexibility in crediting plaintiff's testimony as true. See Varney v. Sec'y of Health & Human Servs. (Varney II), 859 F.2d 1396, 1401 (9th Cir. 1988) (declining to address whether the credit-as-true rule should be adopted in cases where a remand for further proceedings is required before a disability determination can be made); Vasquez, 572 F.3d at 593. "[T]here are other factors which may justify application of the credit-as-true rule, even where application of the rule would not result in the immediate payment of benefits." Vasquez, 572 F.3d at 593. For example, the Ninth Circuit has extended Varney II to credit testimony as true where the "delay experienced by [the claimant in his application] has been severe and because of [the claimant's] advanced age." Hammock v. Bowen, 879 F.2d 498, 503 (9th Cir. 1989); see Vasquez, 572 F.3d at 593-94 (following Hammock and crediting improperly rejected testimony as true where claimant was 58 years old and had

waited over 6 years for her disability determination). Further, "the purpose of the credit-as-true rule is to discourage ALJs from reaching a conclusion about a claimant's status first, and then attempting to justify it by ignoring any evidence in the record that suggests an opposite result." Vasquez, 572 F.3d at 594; see Benecke, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

Similar facts are present in this case. Plaintiff is presently 51 years old and has waited over five years for his disability determination. [See AR at 25, 35.] Accordingly, because the ALJ failed to provide clear and convincing reasons and/or substantial evidence for discounting plaintiff's credibility, on remand, the ALJ shall credit plaintiff's testimony as true.

Next, the ALJ shall reassess plaintiff's RFC and determine, at step five,[7] with the assistance of a VE, whether plaintiff is capable of performing other work existing in significant numbers in the national economy.[8]

**VII.**

**CONCLUSION**

**IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

---

[7] Nothing in this Order is intended to disturb the ALJ's step four finding that plaintiff could not perform his past relevant work. [See AR at 34-35.]

[8] In light of the Court's Order, it is unnecessary to reach plaintiff's remaining contentions. [See JS at 19-31.] Plaintiff, however, is not precluded from raising these issues or any other issue on remand.

1  **IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: April 21, 2014

                                          PAUL L. ABRAMS
                          UNITED STATES MAGISTRATE JUDGE